UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD LEE FIELDS #193787,

        Plaintiff,         Case No. 2:10-cv-44

v.         Honorable Gordon J. Quist

STATE OF MICHIGAN, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

    I.    Factual allegations

Plaintiff Edward Lee Fields #193787, an inmate at the Pugsley Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants State of

Michigan, MDOC Director Patricia Caruso, Doctors Howard Topley, Unknown Pap, Rubina Mirza, Robert Lapenxia, Pugsley Health Services Administrator Kathy Rigby, James Armstrong, and Legislative Corrections Ombudsman Keith Barber. In his amended complaint and various supplemental pleadings, Plaintiff alleges that he was diagnosed with prostate cancer in April of 2008. In June of 2008, Plaintiff was advised to have his prostate surgically removed. Plaintiff refused and opted for "radiation / seeds." However, Plaintiff's prostate remained enlarged. Plaintiff claims that with an enlarged prostate, you would use surgery or a catheter after radiation in order to urinate due to the added swelling, unless the prostate had been reduced to normal size before radiation seeds were implanted. Consequently, Plaintiff decided to reduce the size of his prostate prior to radiation seeding.

Plaintiff states that it took two years, but that he was able to reduce the size of his prostate to a normal range. However, Plaintiff asserts that when the MDOC instituted the smoking ban, his prostate began to increase in size. Plaintiff claims that he needs to be allowed to smoke, or to have a carbon replacement system. Plaintiff also claims that due to a heart defect, the oxygen in his body rises to toxic levels when he is not allowed to smoke. Plaintiff further states that when he is not allowed to eat after 9 p.m., he has to urinate every 30 minutes, but that when he is allowed food in the evening, his bladder and kidneys are able to rest.

Plaintiff claims that he suffers from changes in his vision, bad breath, weight gain, cold sweats, left kidney pain, two hernias caused by extreme pressure during urination, shortness of breath, dizziness, frequent and painful urination, and full body pain. Plaintiff seeks injunctive relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). It appears as if Plaintiff is asserting that Defendants have violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to

provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

In support of his complaint, Plaintiff has filed excerpts from his medical file, as well as grievance responses. On June 27, 2008, Plaintiff signed a refusal of treatment with regard to a prostatectomy, indicating that he had been informed that the risk of refusal was that the cancer would spread to vital organs of his body and bones, causing severe pain, illness and death within 2 years. (Plaintiff's Exhibit OOO, docket #6.) Plaintiff filed a grievance regarding his inability to smoke tobacco, which was denied at each level. In the response, Defendant Armstrong notes that Plaintiff failed to present any evidence in support of his claim that he should be exempted from the policy for medical reasons. (Plaintiff's Exhibits 4 and 5, docket #6.) A careful review of the record reveals that Plaintiff has failed to attach any documents supporting his claim that smoking is a

medical necessity for him. As noted above, Plaintiff refused surgical treatment for his cancer, with full knowledge that the result would be that the cancer would metastasize and would eventually result in his death.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). As noted above, Plaintiff was advised to have his prostate surgically removed, but he refused. Plaintiff does not allege any facts showing that he was denied medical treatment for his condition, other than the fact that he was not allowed to smoke. Other than his own conclusory assertion that smoking was medically necessary for his medical condition, Plaintiff has failed to offer any support for this claim. Therefore, Plaintiff's complaint is properly dismissed.

III. Pending motions

Plaintiff's motions to serve the complaint (docket #5), for "jury demand and damages" (docket #9), for order to accept bond (docket #11), and motion to supplement his motion for bond (docket #17) are denied as moot. Plaintiff's motion to alter the payment terms (docket #8) seeks an order exempting Plaintiff's Michigan State Industries (MSI) income from garnishment, and clarification of how the 20 percent payments are calculated. Plaintiff's request to have his income exempted is denied. In addition, as noted in the order granting *in forma pauperis*, Plaintiff is

required to pay the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments are to be forwarded by the agency having custody of Plaintiff each time the amount of money in his trust account exceeds $10.00. Therefore, the 20 percent is calculated based on the entire month's income, not on the income minus $10.00. Accordingly, Plaintiff's motion to alter the payment terms (docket #8) is denied.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 14, 2011 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE